IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TYRONE JOHNSON, ) | No. C 08-3429 MMC (PR) |
| Petitioner, ) | **ORDER TO SHOW CAUSE;** |
| ) | **DENYING MOTION FOR** |
| v. ) | **SUBPOENA DUCES TECUM;** |
| ) | **DIRECTING FINANCIAL OFFICE** |
| JOHN MARSHALL, Warden, ) | **TO REFUND PETITIONER'S** |
| ) | **SECOND FILING FEE** |
| Respondent. ) | |
| _____ ) | **(Docket No. 10)** |

On July 16, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Subsequently, in response to the Court's notice that petitioner either must pay the filing fee or submit an application to proceed in forma pauperis ("IFP"), petitioner moved for IFP status. On review of petitioner's IFP application, the Court determined petitioner was able to afford the $5.00 filing fee. Consequently, the Court denied petitioner's motion to proceed IFP and directed petitioner to pay the fee. As petitioner has now paid the fee, the Court will review the petition.[1]

### BACKGROUND

In 2005 in the Superior Court of San Mateo County, petitioner was found guilty of assault with a deadly weapon and the willful infliction of corporal injury. He was sentenced to a term of seven years in state prison. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review. Most recently, the California

---

[1] In fact, petitioner has twice paid the filing fee. (See Docket entries dated Feb. 24, 2009 & May 4, 2009). The Court, therefore, will direct the court's Financial Office to refund to petitioner the second filing fee.

Supreme Court denied petitioner's application for state habeas relief.

## DISCUSSION

A.  <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. <u>See</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)).

B.  <u>Petitioner's Claims</u>

Petitioner claims his conviction violates his federal constitutional rights because (1) he was denied his Sixth Amendment right to an impartial jury; (2) he is actually innocent of the crimes of which he was convicted but the trial court wrongly allowed inadmissible evidence against him; and (3) the trial court wrongly excluded admissible evidence favorable to him. Liberally construed, petitioner's claims are cognizable.

C.  <u>Motion for Subpoena Duces Tecum</u>

Petitioner has filed a motion asking the Court to issue a subpoena duces tecum requiring respondent to provide the Court with certain documents petitioner maintains are necessary to a fair determination of his petition. The motion will be denied. In accordance with the instant order to show cause, respondent is being directed to provide petitioner and the Court with "a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition." Consequently, it is highly likely that all document relevant to deciding the instant petition will be provided to the Court. After receiving his copies of such documents and of

respondent's answer, if petitioner is of the opinion that he requires additional documents in order to prepare his traverse, he may file with the Court, and serve on respondent, a motion to conduct discovery pursuant to Rule 6(a) of the Federal Rules Governing Section 2254 Cases, which rule provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall send a copy of this order to the court's Financial Office, which is hereby directed to REFUND to petitioner the $5.00 filing fee paid on May 4, 2009.

2. Petitioner's Motion for Subpoena Duces Tecum is hereby DENIED. (Docket No. 10.)

3. The Clerk shall serve by certified mail <u>a copy of this order, the petition and all attachments thereto (Docket Nos. 1 & 2)</u> on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

4. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

5. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

7. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: July 8, 2009

_____
MAXINE M. CHESNEY
United States District Judge